Filed Jan. 22, 1924. 2 Abs. 83. See also for Appeals Op. 2 Abs. 135.

18332—Daniel H. Moul Lumber Co. v. Bernard E. McCullough. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Overruled.

Filed Jan. 22, 1924. 2 Abs. 83.

18333—The State ex rel Chas. E. Gillipsie v. Commissioners of Wyandot county. Motion for an order directing the Court of Appeals of Wyandot county to certify its record. Filed as of right.

Filed Jan. 23, 1924. 2 Abs. 98.

18334—Pennsylvania Co. v. West Penn Railways Co. Motion for an order directing the Court of Appeals of Allen county to certify its record. Sustained.

Filed Jan. 23, 1924. 2 Abs. 98. For abstract see 2 Abs. 152.

18335—Carl M. Voelkel v. City of Cincinnati. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Sustained.

Filed Jan. 24, 1924. 2 Abs. 98.

18336—B. M. Smart et al v. the Ajax Rubber Co. Motion for an order directing the Court of Appeals of Mahoning county to certify its record. Overruled.

Filed Jan. 24, 1924. 2 Abs. 98.

18337—P. C. C. & St. L. R. R. Co. v. Iona H. Davis, Admx. Motion for an order directing the Court of Appeals of Franklin county to certify its record. Overruled.

Filed Jan. 25, 1924. 2 Abs. 98.

18338—New Prague Flouring Mill Co. v. Jesse Fisher. Motion for an order directing the Court of Appeals of Columbiana county to certify its record. Overruled.

Filed Jan. 25, 1924. 2 Abs. 98. For abstract see 2 Abs. 136.

18340—William J. Doud et al v. City of Cincinnati et al. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Overruled.

Filed Jan. 26, 1924. 2 Abs. 98. For abstract see 2 Abs. 153.

18340—William J. Doud et al v. City of Cincinnati et al. Motion by defendant to dismiss petition in error. Sustained.

Filed Jan. 26, 1924. 2 Abs. 98.

18344—The American Guaranty Co. v. Thomas McNiece et al. Motion for an order directing the Court of Appeals of Guernsey county to certify its record. Sustained.

Filed Jan. 29, 1924. 2 Abs. 98.

18356—The Loose-Wiles Biscuit Co. v. Edward Pfahl. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled.

Filed Feb. 1, 1924. 2 Abs. 115. For Court of Appeals see 2 Abs. 156.

18358—Alfred C. Vaughan v. George Motoasca. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Dismissed on motion of plaintiff in error, and at his costs.

Filed Feb. 4, 1924. 2 Abs. 115.

18378—James M. Davis et al v. H. H. Hessler, Sr., et al. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Dismissed on application of plaintiffs in error.

Filed Feb. 11, 1924. 2 Abs. 131. For abstract see 2 Abs. 167.

18379—James M. Davis et al v. H. H. Hessler, Sr., et al. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Dismissed on application of plaintiffs in error.

Filed Feb. 11, 1924. 2 Abs. 132. For abstract see 2 Abs. 167.

## SYLLABI OF CASES DECIDED LAST WEEK

Opinions in these cases will appear in the Abstract at the earliest day following their rec ipt.

### No. 189

No. 17780—Henry S. Winzeler, etc., v. Robert E. Knox, a minor by etc.

Error to Court of Appeals of Williams County.

1283. WORKMEN'S COMPENSATION—Duty of employers to safeguard dangerous machinery, and warn employe of dangers.

MARSHALL, C. J.

1. Paragraph 7 of Section 1027, General Code, is a lawful requirement, and by virtue of its provisions, wihch must be construed in pari materia with Sections 871-13, 871-15 and 871-16, General Code, employers shall guard all dangerous machinery and render the same as free from danger to the life, health, safety or welfare of employes or frequenters as the nature of the employment will reasonably permit.

2. In an action to recover for failure to guard a stamping machine it is necessary to prove, and therefore to plead, that some guard or device has been discovered or invented which could have been attached to the machine and which would have prevented the injuries complained of, and which would not interfere with the efficient operation of the machine.

3. The common law duty of an employer to warn an employe of obvious dangers in the operation of dangerous machinery is not a lawful requirement.

4. The employment of one who is inexperienced in the use and operation of a machine, and ignorant of its mechanism and construction, is not the violation of a lawful requirement.

Judgment affirmed.

Day and Allen, JJ., concur. Wanamaker, J., concurs in propositions 1, 3 and 4 of the syllabus and in the judgment. Robinson, Jones and Matthias, JJ., concur in propositions 2, 3 and 4 of the syllabus, but dissent from proposition 1 and from the judgment.

### No. 190

No. 18099—State of Ohio v. William Schwab. Error to Court of Appeals of Hancock County

583. GRAND JURY—Common Pleas Court may recess it.

993. RAPE—Assault with intent to have intercourse—Charge to jury upheld.

MARSRHALL, C. J.

1. Subject to express statutory limitations the grand jury in each county is under the control and direction of the Court of Common

Pleas, and that court has authority after the disposition of matters pending at the beginning of the term to recess the grand jury for such further business as may arise during the term.

2. Upon trial of an indictment for assault with intent to commit rape under favor of Section 12421, General Code, an instruction that: "If you further find from the evidence beyond a reasonable doubt that defendant committed the assault upon the said Miss Mac-Murray with the intent to have sexual intercourse with her against her will and intended to use such force as might be necessary to accomplish his purpose and would have done so but for her resistance thereto, then and in that event you will return a verdict finding the defendant guilty of the crime of assault with intent to rape as he stands charged in the indictment," is not erroneous.

Wanamaker, Day and Allen, JJ., concur. Robinson, Jones and Matthias, JJ., concur in the judgment.